IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

IN RE:
KEITH D. THOMAS,
XXX-XX-0364
    Debtor,

CHAPTER: 13
CASE NO: 08-32555-DHW-13

BAC HOME LOANS SERVICING, LP,
    Movant.

## MOTION FOR RELIEF FROM STAY AS TO DEBTOR AND CO-DEBTOR

Movant requests relief from stay imposed by Section 362(a) and Section 1301 as to any Co-Debtor and in support thereof, shows unto this Honorable Court as follows:

1. Keith D. Thomas executed a note to Countrywide Home Loans, Inc. and Keith D. Thomas and Kwanza M. Thomas executed a mortgage to MERS Solely as Nominee for Lender dated 3/31/2004, on the following property located in Montgomery County, Alabama:

> Lot 6, Block 1, according to the corrected Map of Pecan Grove Plat No. 8, as said Corrected map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 29, at Page 215;

which mortgage is recorded in Book 2851, Page 890, of the records in the Office of the Judge of Probate of said county (a copy of said note and mortgage are attached hereto and incorporated herein by reference as Exhibit "A"). Said note and mortgage were subsequently transferred to Movant.

2. There is presently due and unpaid a principal balance of $82,507.80 plus interest, attorney's fees and expenses, all of which are specifically provided for under the terms of said note and mortgage.

3. Said note and mortgage are in default and have been in default for the post-petition payment due 2/1/2010, and all subsequent payments are also in arrears. Said note provides that default in any one installment shall give the Movant the right to foreclose said lien and sell the property secured thereby under the terms and conditions set forth in said instrument.

4. There is cause for removing the stay, including but not limited to the fact that Movant's interest in said property is not adequately protected, the Debtor does not have equity in such property and said property is not necessary for an effective reorganization.

WHEREFORE, Movant requests that such stay be terminated, nulled, modified or conditioned so as to allow your Movant to foreclose in accordance with the provisions of said mortgage and the laws of the State of Alabama; and Movant further requests the Court to waive the ten (10) days waiting period required by Bankruptcy Rule 4001 (a)(3) as amended.

DATED this 3rd day of June, 2010.

_____
WILLIAM S. McFADDEN
Attorney for Movant

OF COUNSEL:

McFadden, Lyon & Rouse, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609
(251) 342-9172

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 3rd day of June, 2010, served a copy of the foregoing pleading on:

| | |
|---|---|
| Debtor and Co-Debtor | Keith D. Thomas<br>Kwanza Thomas<br>421 Avon Rd.<br>Montgomery, AL 36109 |
| Debtor's Attorney: | Richard D. Shinbaum<br>P. O. Box 210<br>Montgomery, AL 36101 |
| Debtor's Trustee: | Curtis C. Reding<br>P. O. Box 173<br>Montgomery, AL 36101 |

by mailing a copy of the same by United States mail, properly addressed and first class postage prepaid.

_____
WILLIAM S. McFADDEN

Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Paul DeLaitsch
6737 Taylor Circle
Montgomery, Al 36117
04-1251



[Space Above This Line For Recording Data]


[Case #]


[Doc ID #]

State of Alabama

# MORTGAGE

FHA Case No.

MIN 

THIS MORTGAGE ("Security Instrument") is given on MARCH 31, 2004. The Grantor is KWANZA M THOMAS, KEITH D THOMAS, WIFE AND HUSBAND AS JOINT TENANTS.

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
COUNTRYWIDE HOME LOANS, INC.
("Lender") is organized and existing under the laws of NEW YORK, and has an address of
4500 Park Granada, Calabasas, CA 91302-1613
Borrower owes Lender the principal sum of
NINETY THOUSAND FIVE HUNDRED SEVENTY EIGHT and 00/100

Dollars (U.S. $ 90,578.00). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on APRIL 01, 2034. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in MONTGOMERY County, Alabama:

Corrected
Lot 6, Block 1, according to the Map of Pecan Grove Plat No. 8, as said Corrected Map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 29, at Page 215.

This is a purchase money mortgage

which has the address of 421 AVON RD, MONTGOMERY
[Street, City]
Alabama 36109 ("Property Address");
[Zip Code]

FHA Alabama Mortgage with MERS - 4/96
-4N(AL) (0102).01   CHL (04/01)(d)
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 6
Initials: _KT_ KPT
Amended 2/01




Case 08-32555   Doc 27   Filed 06/04/10   Entered 06/04/10 15:47:04   Desc Main Document   Page 3 of 9

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice to Borrower in the manner provided in paragraph 13. Lender shall publish the notice of sale once a week for three consecutive weeks in a newspaper published in MONTGOMERY County, Alabama, and there upon shall sell the Property to the highest bidder at public auction at the front door of the County Courthouse of this County. Lender shall deliver to the purchaser Lender's deed conveying the Property. Lender or its designee may purchase the Property at any sale. Borrower covenants and agrees that the proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower waives all rights of homestead exemption in the Property and relinquishes all rights of curtesy and dower in the Property.

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)].

☐ Condominium Rider           ☐ Growing Equity Rider        ☐ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.
Witnesses:

_____  *Kwanza M. Thomas* _____ (Seal)
                                KWANZA M. THOMAS                       -Borrower

_____  *Keith D Thomas* _____ (Seal)
                                Keith D Thomas                         -Borrower

                                _____ (Seal)
                                                                       -Borrower

                                _____ (Seal)
                                                                       -Borrower

Prepared by: CATHY PHELPS

WE HEREBY CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL
BY _____

Multistate

LOAN # ███████

# NOTE

FHA Case No. ███████

MARCH 31, 2004
[Date]

421 AVON RD, MONTGOMERY, AL 36109
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE HOME LOANS, INC.
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
NINETY THOUSAND FIVE HUNDRED SEVENTY EIGHT and 00/100

Dollars (U.S. $ 90,578.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE & FIVE-EIGHTHS percent ( 5.625 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
(A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MAY 01, 2004 . Any principal and interest remaining on the first day of APRIL, 2034 , will be due on that date, which is called the "Maturity Date."

(B) Place
Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S. $ 521.42 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge    ☐ Growing Equity Allonge    ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

VMP-1R (0303)    CHL (03/03)(d)    Page 1 of 2    VMP MORTGAGE FORMS - (800)521-7291    FHA Multistate Fixed Rate Note 10/95
Initials: ___




Case 08-32555    Doc 27    Filed 06/04/10    Entered 06/04/10 15:47:04    Desc Main Document    Page 5 of 9

CASE #: ▓▓▓▓▓▓▓▓                                                                LOAN #: ▓▓▓▓

## 6. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR percent ( 4.000 %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_/s/ Kwanza M. Thomas_ (Seal)
KWANZA M. THOMAS      -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

IN RE:
KEITH D. THOMAS,
XXX-XX-0364
    Debtor,

CHAPTER: 13
CASE NO: 08-32555-DHW-13

BAC HOME LOANS SERVICING, LP,
    Movant.

## AFFIDAVIT

Before me, the undersigned authority in and for said State and County, personally appeared Christopher Rogers who on oath, deposes and says as follows:

My name is Christopher Rogers, and I am employed by BAC Home Loans Servicing, LP, in the capacity of Bankruptcy Specialist. It is one of my primary duties to process all things necessary to monitor delinquent accounts, which duties include the preparation of statements showing the status of such accounts, which statements are prepared from the original records of BAC Home Loans Servicing, LP. My office makes the original contact with the attorneys who are employed to initiate and complete bankruptcy proceedings and makes available to such attorneys our original records regarding account transactions.

The original records of BAC Home Loans Servicing, LP regarding accounts are maintained on computer. It is in the regular course of business that such records are maintained, and it is in the regular course of such business to maintain records. Computer entries are made at the time of occurrence of all transactions affecting an account, or within a very short time thereafter and such entries reflect the nature of the transaction. It is common in our business to utilize records regarding transactions.

In such employment capacity, I am familiar with the account of Keith D. Thomas, Account Number xxx3693 showing the status of the account as of the dates referred below.

This account is in default for the post-petition payment due 2/1/2010, and all subsequent payments are now in arrears.

> *the arrears referenced herein are subject to change and the figures are provided for informational purposes only. Additionally, there are filing fee expenses and attorney's fees which have been incurred in connection with the motion for relief from stay which are also due Movant.

The factual allegations contained in the fact summary contemporaneously filed herein, (if a fact summary is applicable), are true and correct to the best of affiant's knowledge. The value of the real property is $98,300.00 based upon debtor's schedules.

The current payoff is attached hereto, and is generated from the records of BAC Home Loans Servicing, LP, and is offered solely for evidence in this motion for relief and is not an attempt to collect same. Additionally, the payoff computations assume that no further escrow advances will occur between the date of execution of this Affidavit and the date as of which payment is made.

Dated this the 14th day of May, 2010.

Christopher Rogers

**STATE OF TEXAS**
**COUNTY OF DALLAS**

Before me, the undersigned authority in and for said State and County, personally appeared Christopher Rogers, who is employed by BAC Home Loans Servicing, LP, who is known to me; and after being by me first duly sworn, on oath, deposes and says that the facts stated in the foregoing Affidavit are true and correct and that he is authorized to make this Affidavit on behalf of said company.

SUBSCRIBED AND SWORN TO before me this 14 day of May, 2010.

Notary Public, State of Texas
My Commission Expires: 3-6-2013

VERLINE ALBRITTON
My Commission Expires
March 6, 2013

This instrument prepared by:
William S. McFadden, Esquire
(251) 342-9172

3693/Thomas, Kwanza M.
Bankruptcy Case No:08-32555

## PAYOFF STATEMENT

| | |
|---|---|
| Principal Balance: | 82,507.80 |
| Interest through:1/01/10/to 5/31/10 | 1,933.80 |
| Mortgage Ins. Premium: | 66.96 |
| Escrow balance: | 262.02 |
| Less suspense credit balance: | 27.10 |
| *Total: | 84,743.48 |

The above-referenced payoff statement is generated from the records of BAC Home Loans Servicing L.P. (f/k/a Countrywide Home Loans Servicing L.P.), and is offered solely for evidence in the motion for relief from stay and is NOT an attempt to collect same. Additionally, the payoff computations assume that no further escrow advances will occur between the date of execution of the affidavit and the date as of which a payment is made.

*The referenced payoff statement does NOT include expenses and attorney's fee incurred in connection with the motion for relief from stay.